IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DEBBY NORMAN, | ) |
| Plaintiff, | ) |
| v. | ) Docket No. |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY | ) JUDGE: <br> ) MAGISTRATE JUDGE: |
| Defendant. | ) JURY DEMAND |

## COMPLAINT

COMES NOW the plaintiff, by and through counsel, and submits her Complaint against Defendant. Plaintiff would allege as follows:

1. Plaintiff is a citizen and resident of Robertson County, Tennessee.

2. Defendant Metropolitan Government of Nashville and Davidson County is a governmental entity which, among other things, provides educational services through Metropolitan Nashville Public Schools, and operates under and by virtue of the authority of the laws of the State of Tennessee and the Metropolitan Charter. It's agent for service of process is the Director of Law, Saul A. Solomon, Department of Law, Metro Historic Courthouse, Suite 108, Nashville, Tennessee, 37219.

## JURISDICTION

3. All of the events complained of herein occurred in this Judicial District and the Defendant is an entity contained herein, which gives rise to venue in this district,

1

Case 3:12-cv-01288 Document 1 Filed 12/11/12 Page 1 of 8 PageID #: 1

under 28 U.S.C. §1391(b).

4. This Court has jurisdiction over the lawsuit according to 28 U.S.C. §§ 451, 1331, 1337, and 1343. The Court has jurisdiction of the lawsuit in that it arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5. The Court also has jurisdiction over the lawsuit because the action arises under the Americans with Disability Act of 1990, 42 U.S.C. §12117(a), which incorporates by reference § 706(f)(1)(3) with Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The Court also has supplemental jurisdiction of the State Law Claim for discrimination, pursuant to 42 U.S.C. §1983.

## FACTS

5. Plaintiff began her employment with the Defendant as a school teacher in August 2002. Plaintiff is currently a teacher at Hunters Lane School. Her supervisors are Miriam Harrington and William Johnson, Assistant Principals, and Dr. Susan Kessler, Executive Principal.

6. Plaintiff's date of birth is November 1, 1949. Plaintiff has a Doctorate degree in the field of Education with approximately 30 years of experience as an educator.

7. Plaintiff suffers from osteoporosis and degenerate arthritis. Due to Plaintiff's medical condition, Plaintiff cannot lift, bend, walk very fast or walk very far without difficulty and pain.

8. In Spring, 2011, prior to the closing of the 2010-2011 school year, Plaintiff was required to move to a different classroom with no assistance. Due to her medical

2

condition, Plaintiff had to hire someone to help her with the move.

9. In June, 2011, Plaintiff underwent knee surgery.

10. At the beginning of the 2011-2012 school year, approximately 6 weeks after her knee surgery, Plaintiff was required to change classrooms again. Again, Plaintiff had to hire someone to help her move.

11. After Plaintiff made it known that she had a disability, she began being treated differently by her employer. Plaintiff's job assignment was changed and her schedule changed frequently.

12. In October, 2011, Plaintiff was placed on a Plan of Assistance by Dr. Susan Kessler. The terms of the Plan of Assistance, among other things, required the Plaintiff to clean, organize and decorate her classroom; sit with and observe a younger teacher; and attend weekly meetings with Miriam Harrington and William Johnson. Additionally, Plaintiff was required to read certain articles for discussion at the weekly meetings.

13. Prior to her surgery and resulting disability, the Plaintiff had never received any reprimands or negative evaluations. Her level of performance was excellent until the last semester of the 2010-2011 school year when her health issues caused her to be unable to walk or stand without difficulty and pain.

14. Prior to her surgery in June 2011, Plaintiff checked and was ensured that ADA form was on file and still valid.

15. Plaintiff requested assistance, in the form of extra time, performing the duties of moving classrooms. She also requested assistance moving her students in the case

of an emergency, and assistance in copying, getting mail, and running errands when she was unable to walk. She further requested that she be able to get other teachers to watch her class in certain situations.

16. Plaintiff's request for assistance were either ignored or denied. She was told that she could not get help from fellow teachers or other school staff, and that if she had an emergency during class, it would have to wait until between class times.

17. In November, during a change of classrooms, Plaintiff was instructed to move items from one classroom to another. As instructed, she placed signs on items that needed to be moved, but no assistance was provided.

18. Plaintiff repeatedly asked for help in moving classrooms. She asked for weekend access to the school so her family could help her, since she had been advised that she could not get help from co-workers. Plaintiff's request for help were again ignored, and instead met with reprimands and instructions on following the Plan of Assistance.

19. Ultimately, Plaintiff was required to move the items from classroom to classroom. She was required to lift and bend and transport materials left in her room by another teacher. Plaintiff was required to move large televisions, which were on carts, but proved very difficult for her to move.

20. During the time Plaintiff was subject to the Plan of Assistance, she was placed in classes she wasn't familiar with, causing her to be evaluated in a program where she was not fully trained. At one point, Plaintiff asked Miriam Harrington to teach her class so she could observe, but Ms. Harrington refused.

21. On one occasion, Miriam Harrington remarked to Plaintiff that some people "don't know when to retire".

22. Plaintiff submits that due to her age and disability she has been targeted by her supervisors, thereby creating a hostile work environment. She has been denied reasonable accommodations, which are necessary due to her disability, as well as insulted due to her age.

23. Plaintiff filed a charge with the Equal Opportunity Commission and has received her Right to Sue letter.

24. Plaintiff has a qualified Disability, or was perceived by the Defendant to have a qualified disability of a physical nature as defined by the Americans with Disability Act.

25. Defendant has engaged in unlawful employment practices in violation of the Americans with Disability Act § 102(a), and 42 U.S.C. §12112(a) as well as the Age Discrimination in Employment Act. These practices include, but are not limited to, disparate treatment, failure to provide reasonable accommodation, retaliation and the taking of adverse employment action against plaintiff. Plaintiff was perceived by the defendant as being disabled on a physical level.

26. Plaintiff is otherwise qualified to perform the essential functions of the job of a teacher for the Defendant.

27. Defendant has intentionally discriminated against the plaintiff because of her disability and/or age under ADA, as described above.

28. In the alternative, Defendant has engaged in a pattern or practice of intentional

5

discrimination against the Plaintiff, under the Age Discrimination in Employment Act, and/or age under ADEA, as described above.

## CAUSES OF ACTION

### I. Age Discrimination

29. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 28.

30. Plaintiff alleges that the intentional acts and omissions as described herein by the Defendant constitute violations of ADEA, as amended, as a result of the plaintiff's age, which entitles her to compensatory damages and reinstatement, back pay, front pay, and attorney's fees and costs.

### II. Disability Discrimination

31. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 28.

32. Plaintiff alleges that the intentional acts and omissions as described herein by the Defendant constitute violations of the Americans with Disability Act of 1990, which entitles her to compensatory damages and reinstatement, back pay, front pay, and attorney's fees and costs.

### III. Tennessee Human Rights Act

33. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 28.

34. Plaintiff alleges that the intentional acts and omission as described herein by the Defendant constitute violations of the Tennessee Human Rights Act and the

6

Tennessee Disability Act, which entitle her to compensatory damages and reinstatement, back pay, front pay, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. That proper process issue be served upon the Defendant that the Defendant be required to answer within the time prescribed by law.

2. The Plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the Defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of age and/or disability.

4. That this matter be set for a trial by jury.

5. That the Plaintiff be awarded her reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the Plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted;

ANDY L. ALLMAN & ASSOCIATES

_____
ANDY L. ALLMAN, BPR No.17857
MICHAEL A. TOLBIRD, BPR No.18254
103 Bluegrass Commons Blvd.
Hendersonville, TN    37075
Telephone:    (615) 824-3761
Facsimile:    (615) 824-2674
andylallman@comcast.net

andrewtolbird@comcast.net

8